IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael S. Brown<br>Cincinnati, OH 45208<br><br>Individually and as Class Representative<br><br>Plaintiff,<br><br>vs.<br><br>Verizon Wireless,<br>One Verizon Way<br>Basking Ridge, New Jersey 07920<br><br>Defendant. | Case No. 1:09-cv-654<br><br>Judge:<br><br>**CLASS ACTION COMPLAINT WITH JURY DEMAND** |

**PRELIMINARY STATEMENT**

This class action is brought by Plaintiff, individually and on behalf of all other individuals similarly situated ("Plaintiff") against Verizon Wireless ("Defendant") resulting from Defendant's imposition of data usage charges on its cellular phone customers who do not access or receive such services. Defendant charged its customers for data usage when their cellular phones were off, when the batteries were dead, when the phone's Internet access was blocked, and even when the phones didn't have the software to go online. Defendant admitted in a recent Cleveland Plain Dealer article that they do not know all of the possible causes for these charges, but stated "There's work now being done on the ranch."[1] Defendant's unauthorized charges, and deceptively labeled description of those charges, violate the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 201 *et seq.*, and the Truth in Billing Act, 47 C.F.R. §64.200 *et seq.*

---

[1] *See* Cleveland Plain Dealer article, attached as Exhibit 1.

1

## PARTIES

1. Plaintiff Michael S. Brown is an adult currently residing in Cincinnati, Ohio.

2. Defendant Verizon Wireless is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), as this action arises under the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 201 *et seq.*

4. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b)(2) as a substantial part of the events, circumstances, and omissions giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

6. Defendant is a telephone services provider which provides cellular telephone services throughout the United States. Since at least 2008, if not earlier, Defendant's monthly telephone bills sent to Plaintiff and other cellular telephone customers of Defendant have systematically included an inconspicuous charge of $1.99, which Defendant labeled as "Usage Charges, Data."

7. Defendant routinely charges $1.99 for "Usage Charges, Data," to customers, including Plaintiff, who did not authorize or receive such services from Defendant.

8.  Thousands of Defendant's customers have reported being charged the $1.99 data usage charge even though they had not tried to go online.

9.  Defendant charged its customers for data usage when their cellular phones were off, the batteries were dead, the phone's Internet access was blocked, and even when the phones didn't have the software to go online.

10. Additionally, Defendant has structured its billing in such a way as to prevent customers such as Plaintiff from discovering that they were being charged and billed for services they did not authorize or receive.

11. As a result of these deceptive billing practices, Defendant's cellular telephone customers, including Plaintiff, have been deceived into unjustly and unreasonably paying, and continuing to pay, for data usage services they did not authorize nor receive.

12. Deceptive billing, collection and sales practices such as these are commonly referred to as "cramming," which is defined by the Federal Communications Commission ("FCC") as follows:

> "Cramming" is the practice of placing unauthorized, misleading, or deceptive charges on your telephone bill. Entities that fraudulently cram people appear to rely largely on confusing telephone bills in order to mislead consumers into paying for services that they did not authorize or receive.

See FCC publication, "Unauthorized, Misleading, or Deceptive Charges Placed on Your Telephone Bill – 'Cramming'" (August 13, 2002).

13. In response to increasing numbers of complaints against telecommunications companies about practices such as cramming, the FCC adopted federal "truth-in-billing and billing format" regulations in June 1999, 47 C.F.R.

3

§64.2400 et seq. (the "Truth-in-Billing Act"), which, inter alia, codified that use of deceptive billing descriptions and practices such as the ones employed by Defendant are "unjust and unreasonable practices" within the meaning of §201(b) of the Federal Communications Act of 1934:

> We contemplate that sufficient descriptions will convey enough information to enable a customer reasonably to identify and to understand the service for which the customer is being charged. Conversely, descriptions that convey ambiguous or vague information, such as, for example, charges identified as "miscellaneous," would not conform to our guideline.

In the Matter of Truth-in-Billing and Billing Format, *First Report and Order and Further Notice of Proposed Rule Making*, at 26 (April 15, 1999).

14. In a recent article published in the Cleveland Plain Dealer, Defendant admitted that it "doesn't yet know all of the possible causes for the $1.99 [data usage] charges."[2]

15. Further, Defendant admitted in the same article that "they don't know how widespread the issues are but believe they're nationwide."[3] "We're taking this one step at a time," said spokeswoman Laura Merritt. "We're still digging."[4]

16. Accordingly, in violation of the Truth-in-Billing Act, 47 C.F.R. §64.2400 et seq., and §201(b) of the Federal Communications Act of 1934, it is impossible for Plaintiff to reasonably identify the service for which he is being charged when Defendant cannot even determine what causes the vague, miscellaneous data usage charge to appear on a customer's bill.

---

[2] *See* Cleveland Plain Dealer article, attached as Exhibit 1.
[3] *Id.*
[4] *Id.*

17. Moreover, while Defendant does its "digging," its customers are still wrongfully being charged for data usage services they neither authorized nor received.

## **CLASS REPRESENTATIVE ALLEGATIONS**

18. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

19. Plaintiff Michael S. Brown is a cellular telephone customer of Defendant Verizon.

20. In approximately May, 2008, Plaintiff noticed that he was being charged $1.99 per month by Defendant for "Usage Charges, Data."

21. Plaintiff reviewed the prior bills from Defendant which were available, and determined that he had been charged the $1.99 fee for at least nine months.

22. Plaintiff does not use his Verizon cellular phone to access data over the internet. Accordingly, he did not authorize data usage charges to be placed on his bill, nor did he receive data usage services.

23. Plaintiff was unable to determine from his monthly Verizon bill what services the miscellaneous "Usage Charges, Data" referred to.

24. Plaintiff contacted Defendant to inquire about the $1.99 recurring "Usage Charges, Data," billing, to have it removed from his bill, and to make sure that it would not reappear.

25. After multiple phone calls, Defendant informed Plaintiff that they would credit him only for three months of charges, leaving six months of improper charges uncredited, and that Defendant would attempt to prevent such charges from appearing on his bill in the future.

26. However, numerous customers have complained that despite Defendant's promises to remove the recurring $1.99 "Usage Charges, Data," billing, and prevent its future reappearance, the charge reappears on their bills in the future.

## CLASS ACTION ALLEGATIONS

27. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

28. This class action is proper under Rule 23(b)(1), 23(b)(2) and 23(b)(3). The requirements of Rule 23(a), (b)(1), (b)(2) and (b)(3) are met with respect to the classes defined below.

29. Plaintiff brings this class action on his own behalf and as a representative of the following classes:

> Class I- All persons and entities in the United States who paid (and will pay in the future) Defendant for data usage services that were not accessed or received, during the fullest period allowed by law.
>
> Class II- All persons and entities in the United States who paid (and will pay in the future) Defendant for charges described in Defendant's cellular telephone bills as "Usage Charges, Data," during the fullest period allowed by law.[5]

Excluded from the Classes are Defendant Verizon, its subsidiaries, officers and directors; any entity in which Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded party.

30. Although the precise number of class members is unknown to Plaintiff, upon information and belief, the number is so numerous that joinder is impractical. The disposition of each class member's claims through the class action procedure will benefit the parties, the Court, and society as a whole.

---

[5] Plaintiff specifically reserves the right to amend these definitions.

6

31. Plaintiff will fairly and adequately represent and protect the class members' interests, and is committed to the vigorous prosecution of this action.

32. Plaintiff has no conflicts of interest and has retained counsel who are competent and have experience in class actions, including consumer class actions and class actions adverse to common carriers.

33. Plaintiff's claims are typical of the classes. Plaintiff and the class members are victims of the same actions and conduct of Defendant, including but not limited to Defendant's assessment of data usage charges.

34. Common questions of law and fact exist as to all members of the classes and predominate over questions affecting individual members of the classes.

35. The common questions include, but are not limited to, the following:

(a) Whether Defendant's billing and collection practices, as alleged herein, are unjust and unreasonable and violate of the Communications Act, 47 U.S.C. §§201(b), 206, 07, and the FCC's Truth-in-Billing Act, 12 C.F.R. §64.2401;

(b) Whether Defendant has "crammed" charges for its data usage on customer's accounts in violation of the Communications Act, 47 U.S.C. §§201(b), 206, 07, and the FCC's Truth-in-Billing Act, 12 C.F.R. §64.2401;

(c) Whether Plaintiff and the classes are entitled to declaratory relief, and to injunctive relief enjoining Defendant from continuing the unlawful, unjust and unreasonable practices set forth herein.

36. As noted above, Defendant has acted on grounds that apply generally to the classes, so that final injunctive and/or declaratory relief is appropriate respecting the classes as a whole.

37. Prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant, and adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, and would substantially impair or impede their ability to protect their interests.

38. A class action is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the class.

39. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action, as the financial interest of each individual class member is relatively small, making it economically impracticable to pursue remedies other than by a class action. As such, the class members have little interest in individually controlling the prosecution of separate actions.

40. If individual actions were to be brought by the members of the class, the resulting duplication of lawsuits would cause undue hardship, inefficiencies, and expense to the Court and the litigants.

41. Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

42. Absent a class action, Defendant would likely retain the benefits of its wrongdoing, resulting in a miscarriage of justice.

43. There will be no difficulties in managing this class action as the names and addresses of the persons who are members of the classes are available from Defendant's computerized records and are therefore known to Defendant. Further, notice can be provided to the members of the classes by using techniques and a form of notice similar to those customarily used in class actions including individual mailed notice and notice by publication, as appropriate.

## COUNT ONE

### Unjust and Unreasonable Billing Practices in Violation of 47 U.S.C. §201(b) and 12 C.F.R. §64.201
### Class II

44. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

45. Plaintiff brings this Count individually and on behalf of Class II under the Communications Act, 47 U.S.C. §§201(b), 206, 07. 47 U.S.C. §201(b) prohibits a telephone service provider from engaging in "unjust and unreasonable" practices. The FCC's Truth-in-Billing Act, 12 C.F.R. §64.2401, provides in addition that "charges contained on phone bills must be accompanied by a brief, clear non-misleading description of the service or services rendered." In clear violation of these mandates, Defendant, as set forth herein, has continuously billed, charged and collected monies from Plaintiff and the Class which were unjustly, unreasonably, and deceptively billed as "Usage Charges, Data."

9

46. Because Defendant systematically billed its data usage program along side of customers' ordinary telephone transmission charges, billed this plan under the description "Usage Charges, Data," and charged a relatively small ($1.99) fee, Plaintiff and the Class continuously paid such charges, and were prevented from discovering the true nature of the charges for which they actually were being billed.

47. By systematically billing customers in the unjust, unreasonable and deceptive manner set forth herein, Defendant has unlawfully collected millions of dollars from Plaintiff and the Class. Pursuant to 47 U.S.C. §§206 and 207, Plaintiff and the Class are entitled to recover such sums from Defendant as damages, plus attorneys' fees and costs.

## COUNT TWO

### "Cramming" in Violation of 47 U.S.C. §201(b) and 12 C.F.R. §64.201
### Class II

48. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

49. Plaintiff brings this Count individually and on behalf of Class II under the Communications Act, 47 U.S.C. §§201(b), 206, 07. 47 U.S.C. §201(b) prohibits a telephone service provider from engaging in "unjust and unreasonable" practices. The FCC's Truth-in-Billing Act, 12 C.F.R. §64.2401, provides in addition that "charges contained on phone bills must be accompanied by a brief, clear non-misleading description of the service or services rendered," and further specifies that billing descriptions should be "clear in presentation and specific enough in content so that customers can accurately assess that the services for which they have been billed were

actually requested and received and that the costs for those services conform to their understanding of the price charged." In clear violation of these mandates, Defendant, as set forth herein, has continuously billed, charged and collected monies from Plaintiff and the Class for services which were disclosed in a misleading manner, and which were never authorized or received.

50. Because Defendant systematically billed its data usage program along side of customers' ordinary telephone transmission charges, billed this plan under the description "Usage Charges, Data," and charged a relatively small ($1.99) fee, Plaintiff and the Class continuously paid such charges, and were prevented from discovering the true nature of the charges for which they actually were being billed.

51. As a result of Defendant's unjust, unreasonable and deceptive practices, as set forth herein, Defendant has unlawfully collected millions of dollars from Plaintiff and the Class for data usage that was never authorized or received. Pursuant to 47 U.S.C. §§206 and 207, Plaintiff and the Class are entitled to recover such sums from Defendant as damages, plus attorneys' fees and costs.

### COUNT THREE

#### Unjust and Unreasonable Billing Practices in Violation of 47 U.S.C. §201(b)
#### Class I

52. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

53. Plaintiff brings this Count individually and on behalf of the Class under the Communications Act, 47 U.S.C. §§201(b), 206, 07. 47 U.S.C. §201(b) prohibits a telephone service provider from engaging in "unjust and unreasonable" practices. In

11

clear violation of 47 U.S.C. §201(B), Defendant, as set forth herein, has unjustly and unreasonably billed, charged and collected monies from Plaintiff and the Class for data services that were neither accessed or received.

54. By systematically billing customers in the unjust, unreasonable and deceptive manner set forth herein, Defendant has unlawfully collected millions of dollars from Plaintiff and the Classes. Pursuant to 47 U.S.C. §§206 and 207, Plaintiff and the Classes are entitled to recover such sums from Defendant as damages, plus attorneys' fees and costs.

## COUNT FOUR

### Declaratory and Injunctive Relief Pursuant to 47 U.S.C. §401 Classes I and II

55. Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

56. Plaintiff brings this Count individually and on behalf of the Classes under the Communications Act, 47 U.S.C. §401, for a declaratory judgment that Defendant has violated 47 U.S.C. §201(b), and the FCC's Truth-in-Billing Act, 12 C.F.R. §64.2401, and to enjoin Defendant from continuing to violate these laws and regulations. Unless enjoined by this Court, Defendant will continue cramming charges for data usage onto the accounts of customers who never authorized or received such services from Defendant.

## **Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, requests this Court to award the following relief:

a) an order declaring this action to be maintainable as a class action pursuant to Civ. R. 23 (b)(1), (b)(2), and/ or (b)(3), and appointing Plaintiff as Class representative and his counsel as counsel for the Classes;

b) a declaratory judgment that Defendant's conduct violates 47 U.S.C. §201(b), and 12 C.F.R. §64.201;

c) an order enjoining Defendant from continuing its unfair, unconscionable and deceptive practice of cramming charges for unauthorized services onto customer's accounts;

d) damages to Plaintiff and the Classes;

e) costs and disbursements of this action including reasonable attorney fees and expert fees;

f) pre-judgment interest and post-judgment interest;

g) such other, further, and different relief as may be just and proper.

Respectfully submitted,

/s/Jeffrey S. Goldenberg
Jeffrey S. Goldenberg, Esq. (0063771) (Trial Atty.)
Theresa L. Groh, Esq. (0029806)
Todd B. Naylor (0068388)
MURDOCK GOLDENBERG SCHNEIDER & GROH, L.P.A.
35 East Seventh Street, Suite 600
Cincinnati, Ohio 45202
(513) 345-8291
(513) 345-8294 (facsimile)
jgoldenberg@mgsglaw.com
tgroh@mgsglaw.com
tnaylor@mgsglaw.com

>Christian A. Jenkins, Esq. (0070674)
>Paul J. Minnillo (0065744)
>Minnillo & Jenkins, Co., L.P.A.
>2712 Observatory Avenue
>Cincinnati, Ohio 45208
>(513) 723-1600
>(513) 723-1620 (facsimile)
>CJenkins@minnillojenkins.com
>pjminnillo@minnillojenkins.com
>
>***Attorneys for Plaintiffs***

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

>/s/Jeffrey S. Goldenberg
>Jeffrey S. Goldenberg, Esq.